## Case No. 5,992.

### The HAMILTON MORTON.

[Brown, Adm. 40.] [1]

District Court, D. Michigan. March, 1858.

SUPPLIES BOUGHT FOR A VESSEL LYING AT A DISTANT PORT.

Where coal was bought for a tug, then lying at a distant port, by one who purported to be the master and owner, *held* that the seller was bound to ascertain the extent of the purchaser's authority, and the necessity for the purchase of the coal.

This was a libel for fuel furnished Oct. 27, 1857. It appeared, upon the trial, that one Isaacs, who held himself out as master and owner, ordered of libellants, at Cleveland, on Oct. 23d, 230 tons of coal, and, at Isaacs' request, the same was shipped by them, upon the schooner Velocity, consigned to the tug Hamilton Morton, at Algonac, Michigan, Isaacs representing that he purchased it for the use of the tug. It was shown to be customary for masters of steam vessels to purchase large quantities of coal at Cleveland, and have it shipped to various ports upon the lakes, for their use. The coal was sold upon the credit of the tug, and not upon that of Isaacs, who was known to be irresponsible. It appeared, however, that Isaacs, though the owner, was not, in fact, the master; that, on Oct. 24, the day after the coal was ordered, and before it had all been shipped on the Velocity, the tug was seized by the marshal, at Detroit, for debt, and remained in his custody until she was finally condemned and sold. The coal was never actually delivered to the tug, nor unladen by the Velocity at Algonac, but was carried by her from Algonac to Detroit, where it was sold by Isaacs. It also appeared that the purchases for the use of the tug were usually made by one Robinson, her master, and that Isaacs paid little attention to her beyond collecting her bills.

Wm. Gray, for libellants.

W. A. Moore, for claimants.

WILKINS, District Judge. The coal never was furnished the Morton. It was delivered by the libellants to the schooner Velocity, which was chartered by Isaacs, claiming to be the master and owner of the Morton, which, at the time, was actually in custody of the marshal of this district, and had been for four days previous thereto. Should the court decree in favor of the libellants, it must be entirely upon the very unsatisfactory testimony of Isaacs, which in its material facts, is contradicted by Robinson, who testifies that he was master of the tug until the close of navigation, made all her contracts, and, at the time Isaacs was negotiating with libellants, had purchased all the coal she needed while she was lying at Algonac. Independent, then, of the question raised as to

the lien under the Ohio law, the proof would not warrant a decree against the vessel. The fact that, at the time the coal was ordered, the tug was lying at a distant port, should have put the libellants upon inquiry, and they were bound to ascertain the extent of Isaacs' authority, and to see that the coal was actually needed by the tug. Libel dismissed.